IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOSEPH KENNARD SHELTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) 1:18CV108 |
| v. | ) 1:11CR397-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a document titled "Disqualification of District Judge William L. Osteen, Jr." (Docket Entry 82) and "Motion to Subpoena" (Docket Entry 83). Although Petitioner certainly seeks the disqualification of the United States District Judge who handled his prior cases and requests discovery, his submissions constitute part of a continuing series of filings by Petitioner aimed at attacking the conviction or sentence he received in this Court. The proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Therefore, the Court will construe the submissions as such a motion. However, the Motion cannot be further processed because court records reveal that Petitioner previously attacked the same conviction and sentence in a § 2255 motion [case no. 1:14CV966]. Consequently, as the Court informed Petitioner on previous occasions, if he intends to attack his conviction or sentence he must move in the United States Court of Appeals for the Fourth Circuit for an

order authorizing this district court to consider the current Motion, as required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244. See AO 243 (MDNC 10/07), Instructions, ¶ (4) (copy enclosed). Because of this pleading failure, this particular Motion should be filed and then dismissed.

Regarding Petitioner's attempt to have Judge Osteen disqualify or recuse himself from Petitioner's case or cases, that request is frivolous. Recusal is required only where "'another with knowledge of all of the circumstances might reasonably question the judge's impartiality.'" United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (quoting In re Beard, 811 F.2d 818, 827 (4th Cir.1987)). Merely ruling against a party does not show impartiality or bias. Liteky v. United States, 510 U.S. 540 (1994). Petitioner cites no valid grounds for recusal in this case, but instead argues essentially that Judge Osteen should be disqualified because he ruled against Petitioner and Petitioner believes that the rulings are wrong. Petitioner's request should be denied.

As for Petitioner's "Motion to Subpoena,'" "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899 (1997). Rule 6 of the Rules Governing Section 2255 Proceedings authorizes discovery in post-conviction proceedings but only to the extent that the judge finds good cause and then chooses to authorize the discovery in the exercise of his or her discretion. Ordinarily, a petitioner cannot conduct discovery until after a habeas corpus petition or motion to vacate a sentence has been filed, so that the Court can consider the claims and relevant factual allegations in determining the propriety of discovery. Orbe

v. True, 201 F. Supp. 2d 671 (E.D. Va. 2002) (citing Calderon v. U.S. Dist. Court for the Northern Dist. of California, 98 F.3d 1102 (9th Cir. 1996) (noting that "courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation")).

In the instant case, there is no proper motion to vacate pending. Therefore, Petitioner's request for discovery is premature and will be denied without prejudice to him raising the request in a proper motion following the filing of a motion under § 2255 if he receives permission for such a filing from the Fourth Circuit. Petitioner should not continue to file attempts to challenge his conviction or sentence in this Court, however labeled, unless he files a proper § 2255 motion with the required permission.

IT IS THEREFORE RECOMMENDED that Petitioner's request for disqualification and "Motion to Subpoena" (Docket Entry 83) be denied and that this action be dismissed *sua sponte* for failure to obtain certification for this § 2255 application by filing a Motion for Authorization in the court of appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 motions in this Court and Motions for Authorization in the court of appeals, and four copies of § 2255 motion forms (more copies

will be sent on request). Petitioner should keep the original and two copies of the § 2255 motion which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

This, the 16th day of February, 2018.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**